## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA, DIVISION

CASSANDRA STEEN, Individually, and
as Personal Representative of the Estate of
Victor Damarius Steen,

                Plaintiff,

                                 Case No.:

v.

CITY OF PENSACOLA, a political subdivision of the State
of Florida; JOHN W. MATHIS, in his individual capacity as
Pensacola Police Department Chief; JERALD L. ARD, in his
individual capacity as a Pensacola Police Officer.

                Defendants.

_____/

## COMPLAINT

Plaintiff Cassandra Steen, individually and as Personal Representative of the Estate of

Victor Damarius Steen, by and through her undersigned attorneys, brings this legal action against

Defendants, City of Pensacola, a political subdivision of Florida; John W. Mathis, in his

individual capacity as Pensacola Police Department Chief; Jerald Ard, in his individual capacity

as a Pensacola Police Officer, and alleges the following:

## I.  INTRODUCTION, JURISDICTION, AND VENUE

1.      This is an action for damages and attorneys fees arising under 42 U.S.C. § 1983

and 1988, and damages arising under the laws of the State of Florida.

2.      This action alleges violations of the U.S. Constitution, including violation of the

Fourth and Fourteenth Amendments, which forbid the unnecessary and excessive use of force

against persons during a seizure or attempted seizure.

3.    This Court has original jurisdiction over this action and the parties pursuant to 42 U.S.C. §§ 1983 and 1988; the US Constitution; the provisions in 28 U.S.C. §§ 1331, et. seq.; and the ancillary jurisdiction of this Court is pursuant to 29 U.S.C. § 1367 for all state law claims. State law claims are brought under the provisions of Florida Statute § 768.16 of the Florida Wrongful Death Act and Florida Statute § 768.28. Such claims arise from a common nucleus of operative fact with violation(s) of 42 U.S.C. § 1983 as set forth above.

4.    Venue is proper pursuant to U.S.C. § 1391 and N.D. Fla. Loc. R. 3.1(a)(1).

5.    The acts, omissions, and practices described in this complaint occurred within the jurisdiction of the United States District Court in and for the Northern District of Florida.

6.    Plaintiff Cassandra Steen is the Personal Representative of the Estate of Victor Damarius Steen, Deceased. (Ex. A, Letters of Admin.).

7.    The beneficiaries of this action and their relationship to decedent, Victor D. Steen, are:

   (a)    Cassandra Steen, as Personal Representative of the Estate of Victor D. Steen, for medical and funeral expenses, and for any other damages recoverable in equity or in law, including but not limited to loss of net accumulations.

   (b)    Cassandra Steen, individually as mother of the deceased, for her loss of the comfort, companionship, protection, and society of her son, and for any other damages recoverable in equity or in law. The loss has caused Cassandra Steen severe mental pain and suffering.

8.      Plaintiff Cassandra Steen,  individually and as Personal Representative of the Estate,  seeks an award of compensatory damages, costs and expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, more specifically described below.  Fee entitlement is as alleged pursuant to 42 U.S.C. § 1988.

9.      At all times material hereto, the acts, omissions, practices and the other conduct of each Defendant were committed under the color of state law or local law.

10.     At all times material hereto, the acts and omissions of Defendant Jerald L. Ard were committed within the course and scope of his employment as a police officer for Defendant City of Pensacola.

11.     At all times material hereto, the acts and omissions of Defendant John W. Mathis were committed within the scope of his employment as Chief of Police for the Defendant City of Pensacola.

12.     Plaintiffs have complied with all conditions precedent to bringing this action, including, but not limited to, compliance with Fla. Stat. § 768.28. (Ex. B, Notice of Administrative Claim).

## II.  PARTIES

13.     At all times material hereto, Plaintiff Cassandra Steen and decedent Victor Steen were residents of Pensacola, Florida and citizens of the State of Florida.

14.     At all times material hereto, Defendant City of Pensacola was a "person" subject to legal action under 42 U.S.C. § 1983.

15.     At all times material hereto, Defendant John W. Mathis (hereinafter "Mathis"), in his individual capacity as Chief of Police of the Pensacola Police Department, operated and

maintained the Pensacola Police Department in Pensacola, Florida, and was a "person" subject to legal action under 42 U.S.C. § 1983. He is sued in his individual capacity.

16.     At all times material hereto, Defendant Jerald L. Ard (hereinafter "Ard"), was a police officer employed by Defendant City of Pensacola and was a "person" subject to suit under 42 U.S.C. § 1983. He is sued in his individual capacity.

17.     At all times material hereto, Defendant City of Pensacola, through its agents and employees with the Pensacola Police Department, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of such political entity; the laws and regulations of the State of Florida; and the Constitution of the United States of America.

18.     Plaintiff Cassandra Steen has retained the services of the undersigned attorneys and is obligated to pay a reasonable attorneys' fee for such services in pursuing the claims asserted herein.

### III.  FACTS APPLICABLE TO ALL COUNTS

19.     On or about October 3, 2009, 17 year-old Victor Damarius Steen was riding a bicycle westbound on the southern sidewalk of West Cervantes Street in Pensacola, Florida.

20.     West Cervantes Street is a four-lane street, with two eastbound and westbound lanes, and pedestrian sidewalks on both the north and south sides.

21.     At or about 1:50 am, Defendant Ard was on routine patrol and driving westbound on Cervantes Street in his assigned marked police cruiser, a 2006 Ford Crown Victoria.

22.     Ard observed Victor Steen operating his bicycle westbound on the southern sidewalk and subsequently activated his overhead lights and initiated pursuit of Mr. Steen.

23.     Steen pedaled away from Ard and proceeded to travel eastbound along Cervantes Street.

24.     Ard's patrol vehicle was equipped with a Watch Guard DV-1 windshield mounted camera, and the pursuit of Victor Steen was recorded and captured via the in-car recording system.

25.     As recorded by the in-car recording system, Ard tailed closely behind Victor Steen's bicycle, at times revving his motor, driving onto sidewalks, and his tires screeching.

26.     As Steen traveled eastbound on the north sidewalk of Cervantes Street, Ard also traveled eastbound, directly beside Steen, and into oncoming westbound traffic (the wrong side of the road).

27.     At that time and place, and while operating his vehicle, Ard rolled down the drivers side window of his vehicle and aimed an X26 Electronic Control Device (hereinafter "Taser") at Victor Steen.

28.     Ard's Taser was designed to transmit up to 50,000 volts of electricity into the body of its intended target, affecting the sensory and motor functions of the peripheral nervous system.

29.     The energy from Ard's Taser was designed to penetrate up to two cumulative inches of clothing, or one inch per probe.

30.     Without warning, and while traveling directly beside Steen, Ard pulled the trigger of his Taser and fired two high voltage darts at Steen, shocking Steen.

31.    The sound of electricity was heard several feet away by witnesses and was recorded by Ard's in-car recording system and the onboard recording device on Ard's Taser device.

32.    Immediately after the Taser was fired, Ard heard Steen moan loudly, and the Taser wires were subsequently broken by a telephone pole that passed between Ard and Steen.

33.    Within seconds of firing the Taser, Steen's bicycle turned sharply to the left, Steen lost the balance of the bicycle, and the bicycle crashed in a vacant bank parking lot located at 2400 West Cervantes Street.

34.    Steen did not provoke or threaten Ard, and Steen did not engage in any form of violent resistance.

35.    Ard, traveling at speeds as high as twenty-one (21) miles per hour, made a sudden sharp turn into the bank parking lot via an entrance at the northwest corner of "R" Street.

36.    While Steen was still on the ground  inside of the bank parking lot, Defendant Ard accelerated his vehicle and  ran over Steen with his patrol car.

37.    Victor Steen's body was drug approximately 35 feet by Ard's patrol car.

38.    Steen's body remained pinned under Ard's vehicle for approximately three hours where he was later pronounced dead by Emergency Medical Services.

39.    As a result of being shocked by Ard's Taser, run over by Ard's vehicle, and due to Ard's use of blatantly excessive force, Victor Steen suffered:

(a)    multiple blunt force injuries;

(b)    contusions and lacerations of the brain;

(c)    skull fractures;

(d)    spinal fractures;

    (e)      lacerations and contusions of the spinal cord;

    (f)      lacerations of the aorta and spleen;

    (g)      abrasions and contusions of the face, scalp, and tongue; and

    (h)      death.

40.    At all relevant times, Defendant Ard acted as an agent and employee of Defendant City of Pensacola and all of Defendant Ard's actions were carried out in the course and scope of said agency and employment.

## IV.  LEGAL COUNTS

### COUNT I
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIM – ARD

41.    Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

42.    At all times material hereto, Defendant Ard had legal duty to use only the amount and degree of force in the apprehension of suspects as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.

43.    While in pursuit of Victor Steen, Ard deliberately and intentionally used his vehicle to ram into Steen.

44.    Ard's intentional ramming of Mr. Steen constituted deadly force and created a substantial likelihood of death or serious bodily injury.

45.    Mr. Steen posed no immediate threat to the safety of Ard or others,  Ard believed Steen was unarmed, and Steen did not threaten Ard in any manner.

46.    Under the circumstances, Ard's use of deadly force was excessive and unconstitutional.

47.     By his actions, Ard deprived Victor Steen of the clearly established right to be free from force which was excessive under the circumstances, in violation of Steen's rights under 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

48.     As a direct, proximate and foreseeable result of Ard's actions, Steen suffered traumatic injuries, pain, and death.

49.     As a direct, proximate and foreseeable result of Defendant Ard's actions, Plaintiff Cassandra Steen has suffered mental anguish, pain and suffering, loss of ability to enjoy life and other losses. The injuries are permanent and continuing and Plaintiff will suffer such losses in the future.

50.     The decedent's estate has lost medical and funeral expenses and loss of net accumulations due to the decedent's injury and death.

WHEREFORE, Plaintiff Cassandra Steen prays that this Court grant the following relief on her civil rights claim bought pursuant to 42 U.S.C. §§ 1983 and 1988:

(a)     Judgment for compensatory damages against Defendant Ard;

(b)     Judgment for punitive damages against Defendant Ard;

(c)     Judgment for attorneys fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

(d)     Judgment for pre-judgment interest on all economic losses and pre-judgment interest on attorney's fees for delay in payment;

(e)     A trial by jury on all issues so triable; and

(f)     Such other and further relief that this Court may deem just, proper, and appropriate.

## COUNT II
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
## INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIM – ARD

51.     Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

52.     At all times material hereto, Defendant Ard had a legal duty to use only the amount and degree of force in the apprehension of suspects as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.

53.     While in pursuit of Victor Steen, Ard deliberately and intentionally, and without warning, fired his X26 Taser device emitting up to 50,000 volts of electricity into Steen's body, which knowingly placed Steen at risk of death or serious bodily injury.

54.     Victor Steen posed no immediate threat to the safety of Ard or others, Steen did not threaten Ard in any manner, and Steen was facing away from Ard when he was hit by Ard's high voltage Taser darts.

55.     Ard easily could have effected Mr. Steen's compliance by properly calling for back up or setting a perimeter around the area, or by other such procedures.

56.     Instead of using the above methods, Ard deployed a Taser, shocked Steen while Steen was in operation of a vehicle, and effectively placed Steen at risk of serious injury or death by falling into incoming traffic, falling under the wheel of Ard's vehicle, or crashing Steen's bicycle.

57.     Ard's use of force in firing a Taser at Mr. Steen intruded upon Steen's physiological functions and physical integrity, and caused Steen extreme pain and death.

58.    Under the circumstances, Defendant Ard's use of force was excessive and unconstitutional.

59.    By his actions, Ard deprived Victor Steen of the clearly established right to be free from force which was excessive under the circumstances, in violation of Mr. Steen's rights under 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

60.    As a direct, proximate and foreseeable result of Defendant Ard's actions, Mr. Steen suffered traumatic injuries, pain, and death.

61.    As a direct, proximate and foreseeable result of Defendant Ard's actions, Plaintiff Cassandra Steen has suffered mental anguish, pain and suffering, loss of ability to enjoy life and other losses.  The injuries are permanent and continuing and Plaintiff Cassandra Steen will suffer such losses in the future.

62.    The decedent's estate has lost medical and funeral expenses and loss of net accumulations due to the decedent's injury and death.

WHEREFORE, Plaintiff Cassandra Steen prays that this Court grant the following relief on her civil rights claim bought pursuant to 42 U.S.C. §§ 1983 and 1988:

(a)    Judgment for compensatory damages against Defendant Ard;

(b)    Judgment for punitive damages against Defendant Ard;

(c)    Judgment for attorneys fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

(d)    Judgment for pre-judgment interest on all economic losses and pre-judgment interest on attorney's fees for delay in payment;

-10-

(e)     A trial by jury on all issues so triable; and

(f)     Such other and further relief that this Court may deem just, proper, and
appropriate.

**COUNT III**
**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983**
**INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIM – MATHIS**

63.     Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

64.     At all times material hereto, Defendant Mathis, had a duty to adopt and implement
rules and procedures to ensure that his police officers used a reasonable amount and degree of
force in the apprehension of suspects. This duty includes, but is not limited to, the duty to create,
adopt, and implement rules, regulations, practices and procedures which clearly direct police
officers as to the appropriate use of Tasers.

65.     Mathis' failure to adopt and implement adequate policies regarding his officers'
use of force, including, but not limited to the use of Tasers, resulted in the blatant use of
excessive force by Mathis' police officer, Ard, against Victor  Steen as described in paragraphs
1-40.

66.     At all times material hereto, Mathis knew, and it was foreseeable, that persons
being apprehended by his police officers might flee while in operation of a vehicle, including a
bicycle.

67.     At all times material hereto, Mathis knew, and it was foreseeable, that a policy for
the use of force by Taser was necessary in order to avoid repeated use of excessive force by his

-11-

police officers in such circumstances and to avoid use of Tasers in circumstances where serious injuries or death are likely to occur.

68.     At all times material, and in light of Mathis' customary and regular use of Tasers in apprehending persons suspected of committing crimes, Mathis was aware that the failure to establish a custom, policy and practice relating to the use of Tasers against persons in operation of moving vehicles would result in repeated instances of excessive force resulting in serious injury or death.

69.     At all times material, Mathis was deliberately indifferent to the known probability that instances of excessive force due to the use of Tasers against persons in moving vehicles would occur, such as in the case of Victor Steen, by failing or refusing to establish a use of force policy inclusive of Taser force that forbid such use unless it met the requirements justifying the use of deadly force.

70.     Mathis, with deliberate indifference, delegated the final decision making authority as to whether to deploy a Taser against a suspect to the individual police officer– in this instance, Defendant Ard.  As such, Defendant Ard acted as the final policy maker for the City of Pensacola when he chose to use his Taser against Mr. Steen, and the City of Pensacola is therefore liable for Defendant Ard's decision to use excessive force.

71.     As a direct, proximate and foreseeable result of Defendant Mathis' customs, policies and practices, Victor Steen suffered fatal injuries.

72.     As a direct, proximate and foreseeable result of Defendant Mathis' customs, policies, and practices, Plaintiff Cassandra Steen has suffered the injuries described in this complaint, including mental anguish, pain and suffering, loss of ability to enjoy life and other

-12-

losses. These injuries are permanent and continuing and Plaintiff Cassandra Steen will suffer such losses in the future.

73.     The decedent's estate has lost medical and funeral expenses and loss of net accumulations due to the decedent's injury and death.

74.     Defendant Mathis further acted with deliberate indifference in causing the aforesaid constitutional violation by Defendant Ard to occur, as follows:

      (a)    Defendant Mathis' failure to adequately train and educate his police officers,  including Defendant Ard, in the use of force and the use of Tasers as a means of force, thereby creating an atmosphere of illegal and unconstitutional behavior with respect to the use of force, in deliberate indifference and reckless disregard to the health and welfare of persons apprehended by the Mathis' police officers, including Mr. Steen;

      (b)    Defendant Mathis failed to train and educate his police officers, including Defendant Ard, with respect to the use of force applications which he knew that his officers were using and which posed a serious risk of personal injury including, but not limited to, the use of Tasers against non-violent, non-threatening suspects who operate vehicles, as a means to compel compliance with an officer's order before other, less harmful methods are exhausted;

      (c)    Defendant Mathis failed to adequately monitor and evaluate the performance of his police officers, including Defendant Ard, including

-13-

their use of force applications, in deliberate indifference and reckless

disregard to persons being apprehended, including Victor Steen;

(d)   Defendant Mathis failed to adequately monitor and evaluate the

appropriateness of his police officers' use of Tasers as a means of force, in

deliberate indifference and reckless disregard to persons being

apprehended, including Victor Steen;

(e)   Defendant Mathis had a policy, custom and practice of allowing his police

officers to use excessive and unreasonable force by allowing his police

officers to fire Tasers into moving vehicles or at persons in operation of

moving vehicles, in reckless disregard and deliberate indifference to the

health and welfare of suspects or persons in custody, including Victor

Steen.


75.   The aforementioned actions committed by Defendant Ard were proximately

caused by the de facto policies, customs and practices of Defendant Mathis, the failure to

establish proper policies, customs and practices, the delegation of policy-making authority to his

police officers, his failure to train on the use of Taser force, and his ratification of excessive

Taser force, as alleged in paragraphs 1 through 74. All such acts and omissions of Defendant

Mathis were committed with or evidenced by deliberate indifference to the risk of serious injury

or death.

-14-

76.    The aforementioned policies, customs, practices and omissions of Defendant Mathis, alleged in paragraphs 63 through 74, were the underlying cause of Victor Steen's death and damages.

WHEREFORE, Plaintiff Cassandra Steen prays that this Honorable Court grant the following relief on her civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988:

(a)    Judgment for compensatory damages against Defendant Mathis;

(b)    Punitive damages against Defendant Mathis;

(c)    Judgment for attorney's fees pursuant to 42 U.S.C § 1988, together with the costs and expenses of this civil rights action;

(d)    Judgment for pre-judgment interest on all economic losses, including judgment for pre-judgment interest on attorney's fees for delay in payment;

(e)    A trial by jury on all issues so triable; and

(f)    Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT IV
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
## EXCESSIVE FORCE CLAIM – CITY OF PENSACOLA

77.    Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

78.    At all times material hereto, Defendant City of Pensacola had a duty to adopt and implement rules and procedures to ensure that its police officers used a reasonable amount and degree of force in the apprehension of suspects. This duty includes, but is not limited to, the duty

-15-

to create, adopt and implement rules, regulations, practices and procedures which clearly direct police officers as to the appropriate use of Tasers.

79.     Defendant City of Pensacola's failure to adopt and implement adequate policies regarding its officers' use of force, including, but not limited to the use of Tasers, resulted in the blatant use of excessive force by Defendant City of Pensacola's police officer, Defendant Ard, against Victor Steen as described in paragraphs 1- 40.

80.     At all times material hereto, Defendant City of Pensacola knew, and it was foreseeable, that persons being apprehended by its police officers might flee while in operation of a vehicle, including a bicycle.

81.     At all times material hereto, Defendant City of Pensacola knew, and it was foreseeable, that a policy for the use of force by Taser was necessary in order to avoid repeated use of excessive force by its police officers in such circumstances and to avoid use of Tasers in circumstances where serious injuries or death are likely to occur.

82.     At all times material, and in light of Defendant City of Pensacola's customary and regular use of Tasers in apprehending persons suspected of committing crimes, Defendant City of Pensacola was aware that the failure to establish a custom, policy and practice relating to the use of Tasers against persons in operation of moving vehicles would result in repeated instances of excessive force resulting in serious injury or death.

83.     At all times material, Defendant City of Pensacola, by and through its final policy maker Defendant Mathis, was deliberately indifferent to the known probability that instances of excessive force due to the use of Tasers against persons in moving vehicles would occur, such as

-16-

in the case of Mr. Steen, by failing or refusing to establish a use of force policy inclusive of Taser force that forbid such use unless it met the requirements justifying the use of deadly force.

84.     Defendant City of Pensacola delegated the final decision making authority as to whether to deploy a Taser against a suspect to the individual police officer– in this instance, Defendant Ard.  As such, Defendant Ard acted as the final policy maker for the City of Pensacola when he chose to use his Taser against Victor Steen, and the City of Pensacola is therefore liable for Defendant Ard's decision to use excessive force.

85.     As a direct, proximate and foreseeable result of Defendant City of Pensacola's customs and practices, Victor Steen suffered fatal injuries.

86.     As a direct, proximate and foreseeable result of Defendant City of Pensacola's policies, customs and practices, Plaintiff Cassandra Steen has suffered the injuries described in this complaint, including mental anguish, pain and suffering, loss of ability to enjoy life and other losses. These injuries are permanent and continuing and Cassandra Steen will suffer such losses in the future.

87.     The decedent's estate has lost medical and funeral expenses and loss of net accumulations due to the decedent's injury and death.

88.     Defendant City of Pensacola further acted with deliberate indifference in causing the aforesaid constitutional violation by Defendant Ard to occur, as follows:

(a)     Defendant City of Pensacola failed to adequately train and educate its police officers,  including Defendant Ard, in the use of force and the use of Tasers as a means of force, thereby creating an atmosphere of illegal and unconstitutional behavior with respect to the use of force, in deliberate

-17-

indifference and reckless disregard to the health and welfare of persons

apprehended by the City of Pensacola's police officers, including Victor

Steen;

(b)     Defendant City of Pensacola failed to train and educate its police officers,

including Defendant Ard, with respect to the use of force applications

which it knew that its officers were using and which posed a serious risk

of personal injury including, but not limited to, the use of Tasers against

non-violent, non-threatening suspects who operate vehicles, as a means to

compel compliance with an officer's order before other, less harmful

methods are exhausted;

(c)     Defendant City of Pensacola failed to adequately monitor and evaluate the

performance of its police officers, including Defendant Ard, including

their use of force applications, in deliberate indifference and reckless

disregard to persons being apprehended, including Victor Steen;

(d)     Defendant City of Pensacola failed to adequately monitor and evaluate the

appropriateness of its police officers' use of Tasers as a means of force, in

deliberate indifference and reckless disregard to persons being

apprehended, including Victor Steen;

(e)     Defendant City of Pensacola had a policy, custom and practice of allowing

its police officers to use excessive and unreasonable force by allowing its

police officers to fire Tasers into moving vehicles or at persons in

operation of moving vehicles, in reckless disregard and deliberate

-18-

indifference to the health and welfare of suspects or persons in custody, including Victor Steen.

89.     The aforementioned actions committed by Defendant Ard were proximately caused by the de facto policies, customs and practices of Defendant City of Pensacola, the failure to establish proper policies, customs and practices, the delegation of policy-making authority to its police officers, its failure to train on the use of Taser force, and its ratification of excessive Taser force, as alleged in paragraphs 1 through 88.

90.     The aforementioned policies, customs, practices and omissions of Defendant City of Pensacola, alleged in paragraphs 77 through 87, were the underlying cause of Victor Steen's death and damages.

WHEREFORE, Plaintiff Cassandra Steen prays that this Honorable Court grant the following relief on her civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988:

(a)     Judgment for compensatory damages against Defendant City of Pensacola;

(b)     Judgment for attorney's fees pursuant to 42 U.S.C §1988, together with the costs and expenses of this civil rights action;

(c)     Judgment for pre-judgment interest on all economic losses, including judgment for pre-judgment interest on attorney's fees for delay in payment;

(d)     A trial by jury on all issues so triable; and

(e)     Such other and further relief that this Court may deem just, proper and appropriate.

**COUNT V**

-19-

## STATE LAW CLAIM FOR BATTERY - ARD

91.     Plaintiff re-alleges paragraphs 1 through 40 as though more fully set forth herein.

92.     The conduct of Defendant Ard was intentional, willful, wanton and malicious, but was not so reckless or wanting in care as to constitute disregard of human life, human rights, safety, or the property of another.

93.     The conduct of Defendant Ard constituted a harmful and/or offensive contact on the person of Victor Steen beyond any privilege given to law enforcement officers.

94.     At the time Defendant Ard initiated the pursuit, Ard did not believe that Steen had committed a forcible felony as defined in Fla. Stat. Sec.776.08.

95.     Defendant Ard's pursuit was not conducted pursuant to a written policy governing high speed pursuit adopted by his employing agency.

96.     As a direct and proximate result of the battery alleged above Victor Steen was killed.

97.     As a direct and proximate result of the battery alleged above, the surviving natural parent, Cassandra Steen, lost the support and services of the decedent, future loss of support and services, the replacement value of decedents service, loss of decedent's companionship, mental pain and suffering, and medical and funeral expenses due to the decedent's injury and death.

98.     The decedent's estate has lost medical and funeral expenses and loss of net accumulations due to the decedent's injury and death.

WHEREFORE, Plaintiff Cassandra Steen prays for compensatory and punitive damages against Defendant Ard, together with pre-judgment interest on all economic losses, costs of this action, a trial by jury on all issues so triable, and such other and further relief that

-20-

this Court may deem just, proper, and appropriate.

## COUNT VI
## STATE LAW CLAIM FOR BATTERY - CITY OF PENSACOLA

99.     Plaintiff re-alleges paragraphs 1 through 40 as though more fully set forth herein.

100.    In the alternative to the allegations in Counts V, the conduct of Defendant Ard was intentional, but was not willful, wanton or malicious.

101.    The conduct of Defendant Ard was committed within the course and scope of his employment as a police officer of Defendant City of Pensacola.

102.    The conduct of Defendant Ard constituted a harmful and/or offensive contact on the person of Victor Steen beyond any privilege given to law enforcement officers.

103.    At the time Defendant Ard initiated the pursuit, Ard did not believe that Steen had committed a forcible felony as defined in Fla. Stat. Sec.776.08.

104.    Defendant Ard's pursuit was not conducted pursuant to a written policy governing high speed pursuit adopted by his employing agency.

105.    Defendant City of Pensacola is responsible for the battery committed by Defendant Ard upon the person of Victor Steen, in that the civil battery of Ard was intentional, but not malicious, and was committed within the course and scope of Defendant Ard's employment with Defendant City of Pensacola, such that the doctrine of *respondeat superior* applies to this action.

106.    As a direct and proximate cause of the battery alleged above, Victor Steen suffered bodily injury and resulting pain and suffering that caused his death.

107.    The surviving natural parent, Cassandra Steen, lost the support and services of decedent, future loss of support and services of decedent, the decedent's companionship, and resulting mental pain and suffering.

108.    The decedent's estate lost medical, funeral expenses, and net accumulations as a result of decedent's injury and death.

WHEREFORE, Plaintiff Cassandra Steen prays for compensatory damages against Defendant City of Pensacola, together with pre-judgment interest on all economic losses, costs of this action, a trial by jury on all issues so triable, and such other and further relief that this Court may deem just, proper, and appropriate

### COUNT VII
### STATE LAW CLAIM FOR NEGLIGENCE - CITY OF PENSACOLA

109.    Plaintiff re-alleges paragraphs 1 through 40 as though more fully set forth herein.

110.    On October 3, 2009 Defendant City of Pensacola owned a motor vehicle that was operated with that Defendant's consent by Defendant Ard at or about West Cervantes Street and also in a vacant bank building (formerly Wachovia Bank) located at 2400 West Cervantes Street.

111.    At that time and place, Defendant Ard breached the duty of care owed to Victor Steen by negligently operating or maintaining the motor vehicle such that it collided with Victor Steen's person causing substantial injury and death.

112.    Additionally, Defendant Ard breached the duty of care owed to Victor Steen by negligently handling and discharging a Taser, while operating said motor vehicle, and otherwise conducting himself in a careless and negligent manner as to directly and proximately cause the death of Victor Steen.

-22-

113.    At the time Defendant Ard initiated the pursuit, Ard did not believe that Steen had committed a forcible felony as defined in Fla. Stat. Sec.776.08.

114.    Defendant Ard's pursuit was not conducted pursuant to a written policy governing high speed pursuit adopted by his employing agency.

115.    The doctrine of *respondeat superior* applies to this action.

116.    The dangerous instrumentality doctrine is applicable to this case creating a presumption of strict liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another.

117.    As a direct and proximate cause of the Defendant Ard and Defendant City of Pensacola's negligence, decedent Victor Steen suffered bodily injury and resulting pain and suffering that caused his death.

118.    As a direct and proximate result of Defendant City of Pensacola's negligence alleged above, the surviving natural parent, Cassandra Steen, lost the support and services of the decedent, future loss of support and services, the replacement value of decedent's service, loss of decedent's companionship, mental pain and suffering, and medical and funeral expenses due to the decedent's injury and death.

119.    As a direct and proximate result of Defendant City of Pensacola's negligence alleged above, the decedent's estate has lost medical and funeral expenses and loss of net accumulations due to the decedent's injury and death.

-23-

WHEREFORE, Plaintiff Cassandra Steen prays for compensatory damages against Defendant City of Pensacola, together with pre-judgment interest on all economic losses, costs of this action, a trial by jury on all issues so triable, such other and further relief that this Court may deem just, proper, and appropriate.

DANIEL SOLOWAY, ESQUIRE
Florida Bar Number: 508942
Daniel M. Soloway, P.A.
1013 Airport Boulevard
Pensacola, FL 32504
Telephone: (850) 435-0555

AND

AARON L. WATSON, ESQUIRE
Florida Bar Number: 0071092
Levin, Papantonio, Thomas, Mitchell,
  Rafferty & Proctor, P. A.
316 South Baylen Street, Suite 600
Post Office Box  12308 (32581)
Pensacola, Florida  32502
(850) 435-7105 (Watson)

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT FOR ESCAMBIA COUNTY,
FLORIDA                            PROBATE DIVISION

IN RE: ESTATE OF

VICTOR DAMARIUS STEEN,   File No. 2009 CP 2345

    Deceased.

                Division ___C___

---

## LETTERS OF ADMINISTRATION

TO ALL WHOM IT MAY CONCERN

    WHEREAS, Victor Damarius Steen, a resident of Escambia County, Florida, died on October 3, 2009, owning assets in the State of Florida, and

    WHEREAS, Cassandra Steen has been appointed Personal Representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned Circuit Judge, declare Cassandra Steen duly qualified under the laws of the State of Florida to act as Personal Representative of the estate of Victor Damarius Steen, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

    ORDERED on January 4 , 2009.

                /s/ LINDA L. NOBLES

                _____
                Circuit Judge

Conformed copy to:
Jason A. Waddell
Waddell, Waddell, & Breazeale, P.A.


PLAINTIFF'S
EXHIBIT
A



**LEVIN • PAPANTONIO**
**THOMAS • MITCHELL**
**RAFFERTY & PROCTOR • P.A.**
PROFESSIONAL CORPORATION      ATTORNEYS AT LAW

SCOTT C. BARNES
AMANDA S. BARR
BRIAN H. BARR
M. ROBERT BLANCHARD
BRANDON L. BOGLE
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
RACHAEL R. GILMER
KRISTIAN KRASZEWSKI
KIMBERLY R. LAMBERT
FREDRIC G. LEVIN

MARTIN H. LEVIN
ROBERT M. LOEHR
KATHERINE McFARLAND
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
K. LEA MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN

MIKE PAPANTONIO
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
CHRISTOPHER M. VLACHOS
AARON L. WATSON

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

BEN W. GORDON, JR.

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

January 6, 2010

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mike Wiggins, Mayor
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Larry B. Johnson, City Council
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Jewel Cannada-Wynn, Deputy Mayor
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

John Jerralds, City Council
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

P.C. Wu, City Council
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Ronald Townsend, City Council
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Sam Hall, City Council
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Diane Mack, City Council
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Maren DeWeese, City Council
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Megan B. Pratt, City Council
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521



PLAINTIFF'S
EXHIBIT
**B**

January 6, 2010
Page Two

Ericka Burnett, City Clerk
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Al Coby, City Manager
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

William Wells, City Attorney
Susan Woolf, Assistant City Attorney
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Tom Mulroy, Risk Manager
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

Richard Barker Jr., Director of Finance
CITY OF PENSACOLA
180 Governmental Center
P.O. Box 12910
Pensacola, FL 32521

John Mathis, Chief of Police
Officer Jerald Ard
Pensacola Police Department
711 N. Hayne St.
Pensacola, FL 32501

Florida Department of Financial Services
200 East Gaines Street
Tallahassee, FL 32399-0300

RE:     Death of Victor Steen
        Date of Accident: 10/03/09
        Date of Birth: 11/12/91
        Birthplace: Pensacola, FL
        Social Security Number: 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

## NOTICE OF ADMINISTRATIVE CLAIM
## PURSUANT TO FLORIDA STATUTE 768.28

TO WHOM IT MAY CONCERN:

January 6, 2010
Page Three

_____

This firm represents Cassandra Steen, the mother of Victor Damarius Steen, who will soon be appointed Personal Representative of the Estate of Victor Steen and, by virtue of her authority, is and will be the claimant in this case.

This letter is to put you on notice, pursuant to Fla. Stat. 768.28, of an intent to pursue legal claims against you for the wrongful death of Victor Damarius Steen. These claims arise from the actions of the City of Pensacola, the Pensacola Police Department, and their agents, employees, or representatives, on or about October 3, 2009 at Pensacola, Florida.

The tragic facts of this incident have been extensively publicized and are undoubtedly well known to you. On that date and at about 1:50am, 17-year-old Victor Steen was riding his bicycle when Jerald Ard, a Pensacola police officer, initiated pursuit of Mr. Steen. As Mr. Steen pedaled away, the officer tailed closely behind, fired a Taser from his vehicle, and ran over Mr. Steen with his vehicle. Mr. Steen was then dragged several feet. He became entangled under Officer Ard's car, and was killed. His body remained underneath the car for approximately three hours.

The City of Pensacola, the Pensacola Police Department, and Officer Jerald Ard negligently caused Victor Steen's wrongful and premature death. The City and its agents failed to screen, supervise and adequately train police officers, including Officer Ard, regarding investigation, pursuit, and use of Tasers. In addition to, and/or in the alternative to the allegations mentioned above, claimant alleges that Officer Ard exhibited willful, wanton, malicious, and reckless conduct which exceeded the scope of his authority and position so that the sovereign immunity which might otherwise apply to him does not apply.

Further, the City and its agents created a dangerous situation through their actions and inactions, and knew or should have known of the substantial risk of harm and death caused by their conduct. As a result of the actions of the City of Pensacola, the Pensacola Police Department, the Chief of Police, and Officer Jerald Ard, Victor Steen's civil rights were violated. (Nothing in this notice is intended to limit the causes of action or legal theories through which Ms. Steen may pursue claims in a court of law.)

Mr. Steen's death caused substantial grief and damages. Claimant, Cassandra Steen, has incurred mental pain and suffering, loss of companionship, support, services, and the protection and love of Victor Steen. In addition, Steen's estate has incurred losses for medical and funeral expenses.

As a result of this accident, my client is entitled to be compensated. Claimant demands $10,000,000.00 for damages incurred as a result of Victor Steen's premature and wrongful death.

January 6, 2010
Page Four

_____

Pursuant to Fla. Stat. § 768.28(6)(c), the following information is provided:

Claimant's date of birth: 05/10/61
Claimant's place of birth: Miami, FL
Claimant's Social Security Number: 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

Claimant understands that the events surrounding Victor Steen's death are still under investigation. To the best of her knowledge, there have been no adjudicated penalties, fines, fees, victim restitution fund, or other judgments in excess of $200, whether imposed by a civil, criminal, or administrative tribunal, owed by the claimant to the state, its agencies, officers or subdivisions. We are unaware of any prior adjudicated unpaid claim of any type in excess of $200. Please reply immediately regarding any deficiency in this notice or a request for any further information you need to complete the investigation required by law. Thank you.

Sincerely,

AARON L. WATSON

ALW/vfg

cc:   Cassandra Steen
      John Jolly, Esquire