IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CASSANDRA STEEN, Individually, and as
Personal Representative of the Estate of
Victor Damarius Steen,**

      **Plaintiff,**

v.     CASE NO. 3:11-CV-142/RV/CJK

**CITY OF PENSACOLA, a political subdivision of
the State of Florida, JOHN W. MATHIS, in his
individual capacity as Pensacola Police Department
Chief, JERALD L. ARD, in his individual capacity
as a Pensacola Police Officer,**

      **Defendants.**
_____/

**DEFENDANT JERALD ARD'S
MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

    COMES NOW, Defendant Jerald Ard, in his individual capacity as a Pensacola Police Officer, by and through his undersigned attorney, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and moves for judgment on the pleadings as to Count II of Plaintiff's Second Amended Complaint. As grounds therefore, Defendant Ard would show:

    1.    Plaintiff's Second Amended Complaint arises from the tragic circumstances leading to the death of Victor Demarius Steen on October 3, 2009, when he ignored a lawful order to stop, fled, and was ultimately struck and killed by a City of Pensacola marked police unit operated by Officer Jerald Ard.

    2.    Count II of Plaintiff's Second Amended Complaint is an action for excessive force. Plaintiff alleges that Officer Ard used a taser device on Mr. Steen, placing Mr. Steen at risk of death or serious personal injury. Doc. 18, ¶ 53.

3. The factual background of this tragic and unfortunate incident is laid out in detail in the Court's Order Granting Chief Mathis's Motion to Dismiss Count III of Plaintiff's Second Amended Complaint (doc. 67). Officer Ard incorporates by reference the Court's factual background as if fully set forth herein.

4. Officer Ard is entitled to the defense of qualified immunity and is shielded from liability for civil damages as his conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Behrens v. Pelletier*, 516 U.S. 299, 305-06 (1996)(citation omitted).

5. On August 22, 2011, this Court granted Chief Mathis's Motion to Dismiss (doc. 22) based on qualified immunity. While the Court cautioned that "[n]othing in [the Court's] order should be read as to apply to any other claim that the plaintiff has alleged or any other alleged use of excessive force…" (doc. 67, fn 5), the Court's analysis of Officer Ard's actions is instructive on the issue of qualified immunity for Officer Ard related to the use of the taser. The Court dismissed Count III of Plaintiff's Second Amended Complaint against Chief Mathis on the basis of qualified immunity, and the same reasoning and result applies here.

6. As required by Local Rule 7.1, Defendant Ard incorporates herewith its Memorandum of Law in support of the relief requested.

## **MEMORANDUM OF LAW**

In ruling on Chief Mathis's Motion to Dismiss, the Court held that Chief Mathis's supervisory liability was "necessarily dependent on there being an underlying Section 1983 violation in the first instance." Doc. 67, p. 11. Specifically, the Court held that Chief Mathis potential supervisory liability was dependent on "whether Officer Ard's use of his taser on the facts of this case was a violation of Steen's constitutional rights and, if so, whether the right was

'clearly established' on October 3, 2009." Id. After providing a thorough and well-reasoned analysis of this issue, the Court noted that it could not say that Ard's "single use of a taser on the fleeing, albeit non-violent, Steen was an unconstitutional use of excessive force." Id., p. 17. However, assuming *arguendo* that there was violation of a constitutional right, the Court held that any such right was not "clearly established" at the time of the violation. Id., pp. 23, 24. The Court held that there was no case law from the United States Supreme Court, the Eleventh Circuit, or the Florida Supreme Court providing a bright line and holding that it is excessive force for a police officer in a vehicle to tase someone who is fleeing on a bicycle, nor was this a case of "obvious clarity." Id., pp. 19, 23.

This Court held that Chief Mathis is entitled to qualified immunity on the supervisory liability claim because the underlying Section 1983 claim fails. Id., pp. 11, 24; *see also Mann v. Taser Int'l. Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009); *Hicks v. Moore*, 422 F.3d 1246, 1253 (11th Cir. 2005). Based on the detailed analysis contained in the Court's Order, it is an exceedingly short leap for the Court to now hold that Officer Ard is entitled to qualified immunity related to the use of the taser, and that Officer Ard is entitled to judgment in his favor on Count II of Plaintiff's Second Amended Complaint.

## CONCLUSION

For the reasons stated above, Officer Ard requests that this Court enter judgment on the pleadings in his favor and against Plaintiff as to Count II of Plaintiff's Second Amended Complaint, and for such other relief as may be just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing

to: Daniel Soloway, Esq., at dsoloway@bellsouth.net, Aaron L. Watson, Esq., at awatson@levinlaw.com, William Cash, Esq., bcash@levinlaw.com, and John W. Jolly, Esq., at jwj@jollylaw.com.

|  |
|---|
| /s/ Matthew J. Carson |

LEONARD J. DIETZEN
Florida Bar No. 0840912
MATTHEW J. CARSON
Florida Bar No. 0827711
RUMBERGER, KIRK & CALDWELL
A Professional Association
215 South Monroe Street, Suite 702
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783

Email:  mcarson@rumberger.com

*Attorney for Defendant Jerald Ard*

4347561

4